UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| LAUREN O'CONNOR, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) |
| | ) St. Clair County Circuit Court |
| XPRESS CARGO, INC. and | ) Case No. 2021L0484 |
| JOHN J. DANIELS, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Xpress Cargo, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice for the Removal of the above entitled action to the United States District Court for the Southern District of Illinois, East St. Louis Division, and for grounds therefore respectfully states:

**A.   Venue is Proper in the United States District Court for the Southern District of Illinois, East St. Louis Division.**

1.   The above-entitled action, now pending in the St. Clair County, Illinois Circuit Court, is a civil action at law brought by Plaintiff, above-named, against Defendants to recover damages.

2.   The incident alleged by Plaintiff has arisen within the jurisdiction or boundaries of the United States District Court, Southern District of Illinois, East St. Louis Division.

3.   Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Southern District of Illinois, East St. Louis Division, because St. Clair County, Illinois is within the Southern District of Illinois, East St. Louis Division.

**B.     The Procedural Requirements for Removal are Satisfied.**

4.      The Complaint, which is attached hereto as part of **Exhibit 1**, was served upon Defendant Xpress Cargo, Inc. on June 14, 2021 and, therefore, the time for filing this Notice of Removal under 28 U.S.C. § 1446 has not yet expired.

5.      Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the St. Clair County Clerk of Court pursuant to 28 U.S.C. § 1446(d).

6.      A copy of all known process, pleadings and orders from the state case are attached collectively hereto as **Exhibit 1** in accordance with 28 U.S.C. § 1446(a).

**C.     There is Diversity Amongst the Parties.**

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2), because none of the Defendants are a citizen of this State, and there is complete diversity of citizenship between all parties.

8.      Plaintiff Lauren O'Connor was at the time of the commencement of this action, and has been ever since, a citizen and resident of Illinois.

9.      Defendant Xpress Cargo, Inc. is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. Therefore, Defendant Xpress Cargo, Inc. is a citizen and/or resident of the State of Indiana.

10.     Defendant John J. Daniels was at the time of the commencement of this action, and has been ever since, a citizen and resident of Arizona.

**D.     The Amount in Controversy Exceeds $75,000.**

11.     The matter and amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) as required by 28 U.S.C. § 1332(a).

12.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

13.     In Illinois, a prayer for relief in an action for injury to the person shall not plead ad damnum "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." 735 ILCS 5/2-604.

14.     Plaintiff alleges in her Complaint that she was caused to sustain injuries and damages in excess of $50,000. See **Exhibit 1**.

15.     "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

16.     Further, Plaintiff here alleges that she suffered injuries in an automobile accident after being hit by a tractor-trailer at highway speed, causing personal injuries. Specifically, Plaintiff has alleged that, as a result of the accident, she "suffered personal injuries on or about

her body, both internally and externally, some of which are permanent injuries, including but not limited to, injuries to her head, brain, spine, arms and legs; that as a consequence thereof, Plaintiff has suffered disability and a loss of normal life, and in addition thereto, Plaintiff has become and will become obligated for reasonable medical expenses in endeavoring to be cured of said injuries." See **Exhibit 1.**

**E.     Consent of Served Defendants**

17.    Defendant has no knowledge or notice that Defendant John J. Daniels has been served with process in this case at the time of this Notice of Removal. *See* St. Clair County Docket Sheet, attached hereto as **Exhibit 2**.

18.    28 U.S.C. §1146(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly **joined and served** must join in or consent to the removal of the action." (emphasis added).

19.    Because Defendant has no knowledge or information that Defendant John J. Daniels has been served with process in this case, Defendant John J. Daniels need not consent to this removal at this time.

**WHEREFORE**, Defendant Xpress Cargo, Inc. prays that this Honorable Court enter an Order causing said Cause No. 2021L0484 of the St. Clair County, Illinois Circuit Court to be removed to this Court for further proceedings, and that this Court take jurisdiction herein, and make further orders as may be just and proper.

        */s/ Kevin L. Fritz*
Kevin L. Fritz      #6295633
Carolyn M. Kopsky   #6195037
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
klfritz@lashlybaer.com
cmkopsky@lashlybaer.com

Attorneys for Defendant Xpress Cargo, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on July 9, 2021, to be served by operation of the Court's electronic filing system upon: Scott D. Bjorseth, Rynearson Suess Schnurbusch & Champion, LLC, 107 Southpointe Drive, Edwardsville, IL 62025, sbjorseth@rssclaw.com, Attorneys for Plaintiff.

        */s/ Kevin L. Fritz*